Filed 7/5/23  P. v. Lor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>YONG LOR,<br><br>    Defendant and Appellant. | C097226<br><br>(Super. Ct. No. 01F08242) |

Defendant Yong Lor appeals from an order denying his petition to vacate his murder conviction under former Penal Code section 1170.95 (now section 1172.6).[1] Appointed counsel for defendant asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal, and defendant has filed a supplemental brief.  (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo*

---

[1]    Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  For purposes of clarity, we refer to the statute as section 1172.6.

1

(2022) 14 Cal.5th 216.)  We have considered defendant's supplemental brief, and we affirm the trial court's order and deny defendant's pending discovery motion.

BACKGROUND

In 2004, a jury found defendant guilty on two counts of attempted murder.  The jury also found true a gang enhancement and a firearm use enhancement.  Defendant appealed, and this court affirmed the convictions and reversed the gang enhancement for insufficient evidence.

In February 2022, defendant filed a section 1172.6 petition for resentencing.  In support of his petition, defendant alleged he was convicted of attempted murder under the natural and probable consequences theory and could not be so convicted today.  The court appointed counsel, and the People opposed the petition.

At the hearing on defendant's resentencing petition, counsel for defendant argued "the prosecution's theory didn't show that [defendant] had the intent to kill."  The court found defendant ineligible for resentencing as a matter of law:  "[Defendant] was convicted of attempted murder, and the attempt alone requires . . . the district attorney prove beyond a reasonable doubt that [defendant] specifically intended to murder, and the jury was instructed that that included a specific intent to commit murder.

"In addition, the jury was instructed and found true the allegation that [defendant] personally used a firearm in the commission of the offense.  He then is the shooter.

"There is no reasonable way the jury could have based their conviction of [defendant] on any felony murder theory or natural-and-probable-consequences theory."

The court thus concluded, "I will find beyond a reasonable doubt that [defendant] was convicted not only of being the shooter, but of having specific intent to commit murder. . . ."

Defendant appealed.

DISCUSSION

Defendant's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief, and he has done so.

Our Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Our Supreme Court laid out applicable procedures for such cases saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

In his supplemental brief, defendant argues he received ineffective assistance of counsel at the hearing on the petition for resentencing. He says that his counsel failed to prepare for the hearing, failed to meet with him in advance of the hearing, and failed to raise arguments in support of his resentencing.

To establish ineffective assistance of counsel, the defendant has the burden of demonstrating that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and he was prejudiced by that deficiency. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.)

As the trial court observed, defendant was the shooter and to convict him of attempted murder, the jury was required also to find that he shot at the victim with the intent to kill him. Thus, "there is no reasonable way the jury could have based their conviction of [defendant] on any felony murder theory or natural-and-probable-consequences theory." No number of meetings, no amount of preparation, and no

3

argument defense counsel could have made at the hearing would have affected these findings. So there was no ineffective assistance of counsel.

Defendant's pending motion for discovery, filed on April 7, 2023, also is denied.

## DISPOSITION

The trial court's order denying the petition is affirmed.


/s/_____
MESIWALA, J.


We concur:


/s/_____
HULL, Acting P. J.


/s/_____
MAURO, J.


4